UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-3655-SVW (AS) | Date | September 9, 2025 |
|---|---|---|---|
| Title | Richard Devonn Webb v. Leanna Lundy | | |

| Present: The Honorable | Alka Sagar, United States Magistrate Judge | |
|---|---|---|
| Alma Felix | | N/A |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Petitioner: | | Attorneys Present for Respondent: |
| N/A | | N/A |

**Proceedings:** **(IN CHAMBERS)** ORDER REQUIRING PETITIONER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED

On April 24, 2025, Richard Devonn Webb ("Petitioner"), a state prisoner proceeding *pro se* filed the pending Petition for Writ of Habeas Corpus by a Person in State Custody Pursuant to 28 U.S.C. § 2254 ("Petition"). (Docket ("Dkt.") No. 1). The Petition raises a single ground for relief – newly discovered evidence that a witness testified falsely at trial. (Petition at 5).

**I.
RELEVANT BACKGROUND**[1]

On January 26, 2012, in People v. Webb, Los Angeles County Superior Court case no. NA084058 ("State Criminal Case"), a jury convicted Petitioner of one count of first degree murder in violation of California Penal Code ("P.C.") § 187(a), one count of shooting at an inhabited dwelling in violation of P.C. § 246, two counts of child abuse in violation of P.C. § 273a(a), two counts of possession of a firearm by a felon in violation of P.C. § 12021(a)(1), and three counts of contempt of court in violation of P.C. § 166(c)(1). The jury also found true allegations that Petitioner personally used a firearm within the meaning of P.C. § 12022.5(a) during the commission of the shooting at an inhabited dwelling and child abuse charges, Petitioner personally used a firearm within the meaning of P.C. § 12022.53(b-d) during the

---

[1] The relevant background set forth in this section is derived from the current Petition and supporting documents as well as dockets/court records in the federal and state cases discussed herein, including the previous federal habeas corpus petition Petitioner filed in this district – Webb v. Barnes, United States District Court for the Central District of California case no. 14-9863-SVW(KK) ("Webb I"). See Shuttlesworth v. City of Birmingham, Ala., 394 U.S. 147, 157 (1969) (federal court may properly take judicial notice of its own files and records); Ray v. Lara, 31 F.4th 692, 697 n.4 (9th Cir. 2022) ("We may take judicial notice of district court records."); United States v. Raygoza-Garcia, 902 F.3d 994, 1001 (9th Cir. 2018) ("A court may take judicial notice of undisputed matters of public record, which may include court records available through PACER.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-3655-SVW (AS) | Date | September 9, 2025 |
|---|---|---|---|
| Title | Richard Devonn Webb v. Leanna Lundy | | |

commission of the murder, and Petitioner committed the murder and related possession of a firearm by a felon charge for the benefit of, at the direction of, or in association with a criminal street gang with the specific intent to promote, further, or assist in criminal conduct by gang members. In a bifurcated proceeding, Petitioner admitted having suffered a prior felony conviction within the meaning of P.C. § 667(a)(1) and § 1170.12(a). On February 28, 2012, the trial court sentenced Petitioner to 115 years and four months to life in state prison.

On February 20, 2013, the California Court of Appeal modified the judgment in the State Criminal Case to strike the P.C. § 12022.5(a) enhancement for the shooting at an inhabited dwelling conviction and reduced the amount of an imposed assessment, but otherwise affirmed the judgment. People v. Webb, 2013 WL 623109 (2013). Petitioner did not file a petition for review in the California Supreme Court.

In 2014, Petitioner sought and was denied habeas relief in the Los Angeles County Superior Court, the California Court of Appeal, and the California Supreme Court. (See Webb I, Dkt. No. 1 at 22-27 (as paginated on the Court's electronic docket)).

On December 29, 2014, Petitioner filed a habeas corpus petition in this Court challenging the judgment in the State Criminal Case. (Webb I, Dkt. No. 1). On November 24, 2015, the Court denied the petition and dismissed Webb I with prejudice. (Webb I, Dkt. Nos. 27-29). Petitioner appealed the denial of Webb I to the Ninth Circuit Court of Appeals, which denied Petitioner a certificate of appealability on August 19, 2016. (Webb I, Dkt. No. 36).

Thereafter, Petitioner again sought and was denied habeas relief in Los Angeles County Superior Court, the California Court of Appeal, and the California Supreme Court.

On July 15, 2021, Petitioner filed a Motion for Relief from Judgment pursuant to Fed. R. Civ. P. 60(b) ("Motion") in Webb I. (Webb I, Dkt. No. 38). On August 10, 2021, the Court denied Petitioner's Motion. (Dkt. No. 39).

Most recently, on December 6, 2024, Petitioner filed another habeas corpus petition in the Los Angeles County Superior Court, which denied the petition in a reasoned decision filed December 19, 2024. (See Petition at 23 (as paginated on the Court's electronic docket)). On January 6, 2025, Petitioner filed a habeas corpus petition in the California Court of Appeal, which denied the petition on January 9, 2025. (Id. at 24). Finally, Petitioner filed a petition for review in the California Supreme Court, which denied review on March 12, 2025. (Id. at 11-22, 26).

## II.
## DISCUSSION

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-3655-SVW (AS) | Date | September 9, 2025 |
|---|---|---|---|
| Title | Richard Devonn Webb v. Leanna Lundy | | |

petitioner is not entitled to relief in the district court. . . ." Rule 4 of the Rules Governing Section 2254 Cases. Based upon the Petition and the federal and state court records discussed herein, the Court orders Petitioner to show cause why the Petition and this action should not be dismissed without prejudice.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "established a stringent set of procedures that a prisoner 'in custody pursuant to the judgment of a State court' must follow if he wishes to file a 'second or successive' habeas corpus application challenging that custody[.]" Burton v. Stewart, 549 U.S. 147, 152 (2007) (per curiam) (citations omitted). In particular, "[i]f an application is 'second or successive,' the petitioner must obtain leave from the court of appeals before filing it with the district court[,]" Magwood v. Patterson, 561 U.S. 320, 330-31 (2010) (citing 28 U.S.C. § 2244(b)(3)(A)); Banister v. Davis, 590 U.S. 504, 509 (2020); Stewart v. Martinez-Villareal, 523 U.S. 637, 641 (1998), and the appellate court "may authorize the filing of the second or successive application only if it presents a claim not previously raised that satisfies one of the two [exceptions] articulated in § 2244(b)(2)." Burton, 549 U.S. at 153; Banister, 590 U.S. at 510. "One of these exceptions is for claims predicated on newly discovered facts that call into question the accuracy of a guilty verdict. The other is for certain claims relying on new rules of constitutional law." Tyler v. Cain, 533 U.S. 656, 661-62 (2001) (citations omitted); Banister, 590 U.S. at 510; see also Magwood, 561 U.S. at 335 (Section 2244(b)(2) "describes circumstances when a claim not presented earlier may be considered: intervening and retroactive case law, or newly discovered facts suggesting 'that . . . no reasonable factfinder would have found the applicant guilty of the underlying offense.'" (citation omitted)). "Even if a petitioner can demonstrate that he qualifies for one of these exceptions, he must seek authorization from the court of appeals before filing his new petition with the district court." Woods v. Carey, 525 F.3d 886, 888 (9th Cir. 2008); Banister, 590 U.S. at 510; Turner v. Baker, 912 F.3d 1236, 1238-39 (9th Cir. 2019). "A petitioner's failure to seek such authorization from the appropriate appellate court before filing a second or successive habeas petition acts as a jurisdictional bar." Rishor v. Ferguson, 822 F.3d 482, 490 (9th Cir. 2016); Burton, 549 U.S. at 153.

Here, as set forth above, Petitioner filed his first habeas corpus petition in Webb I challenging the judgment in the State Criminal Case, and the Court denied Webb I on the merits. Yet, the pending Petition again challenges the judgment in the State Criminal Case. Thus, the pending Petition appears to be a successive habeas petition, which the Court lacks jurisdiction to consider.[2] See Burton, 549 U.S. at 153 ("Burton twice brought claims contesting the same custody imposed by the same judgment of a state court. As a result, under AEDPA, he was required to receive authorization from the Court of Appeals before filing his second challenge. Because he did not do so, the District Court was without jurisdiction to entertain it.").

\\
\\
\\
\\

---

[2] A search of the court's PACER system does not reflect that the Ninth Circuit has granted Petitioner leave to file a second or successive petition.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-3655-SVW (AS) | Date | September 9, 2025 |
|---|---|---|---|
| Title | Richard Devonn Webb v. Leanna Lundy | | |

## III.
## ORDER

Accordingly, Petitioner is ORDERED TO SHOW CAUSE within twenty-one (21) days of the date of this Order (by no later than September 30, 2025), why the Petition should not be dismissed without prejudice.

Alternately, if Petitioner no longer wishes to pursue this action in this Court, he may request a voluntary dismissal of this action pursuant to Fed. R. Civ. P. 41(a). A Notice of Dismissal form is attached for Petitioner's convenience.

Petitioner is cautioned that the failure to timely file a response to this Order to Show Cause and/or to show good cause may result in a recommendation that this action be dismissed for lack of jurisdiction, for failure to comply with the Court's order, and/or for failure to prosecute.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | AF |