JS-6

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| RICHARD WEBB, <br><br> Petitioner, <br><br> v. <br><br> LEANNA LUNDY, <br><br> Respondent. | CASE NO. CV 25-03655-SVW (AS) <br><br> **ORDER OF DISMISSAL** |

## I. BACKGROUND

On April 24, 2025, Richard Webb, ("Petitioner"), a California state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus by a person in state custody pursuant to 28 U.S.C. § 2254 ("Petition"). (Dkt. No. 1). Petitioner challenges his 2012 convictions in the Los Angeles County Superior Court ("LASC"), (People v. Webb, LASC case No. NA084058),[1] based on newly discovered

---

[1] Following a jury trial, Petitioner was convicted of **Error! Main Document Only.**one count of first degree murder in violation of California Penal Code ("P.C.") § 187(a), one count of shooting at an inhabited dwelling in violation of P.C. § 246, two

1   evidence that a witness testified falsely at trial. (Petition at
2   5).
3
4
5      On December 29, 2014, Petitioner filed a habeas corpus
6   petition pursuant to 28 U.S.C. § 2254 in this Court, challenging
7   the same 2012 convictions. Webb v. Barnes, United States District
8   Court for the Central District of California case no. 14-9863-
9   SVW(KK) ("Webb I").[2]   On November 24, 2015, the Court denied the
10  petition and dismissed Webb I with prejudice.   (Webb I, Dkt. Nos.
11  ──────────
12  counts of child abuse in violation of P.C. § 273a(a), two counts
    of possession of a firearm by a felon in violation of P.C. §
13  12021(a)(1), and three counts of contempt of court in violation of
    P.C. § 166(c)(1).  The jury also found true allegations that
14  Petitioner personally used a firearm within the meaning of P.C. §
15  12022.5(a) during the commission of the shooting at an inhabited
    dwelling and child abuse charges, Petitioner personally used a
16  firearm within the meaning of P.C. § 12022.53(b-d) during the
    commission of the murder, and Petitioner committed the murder and
17  related possession of a firearm by a felon charge for the benefit
    of, at the direction of, or in association with a criminal street
18  gang with the specific intent to promote, further, or assist in
    criminal conduct by gang members.  In a bifurcated proceeding,
19  Petitioner admitted having suffered a prior felony conviction
20  within the meaning of P.C. § 667(a)(1) and § 1170.12(a).  On
    February 28, 2012, the trial court sentenced Petitioner to 115
21  years and four months to life in state prison.
22
        [2]  **Error! Main Document Only.**The Court takes judicial notice
23  of Webb I and the filings therein. See Fed. R. Evid. 201; Ray v.
24  Lara, 31 F.4th 692, 697 n.4 (9th Cir. 2022) ("We may take judicial
    notice of district court records."); **Error! Main Document
25  Only.**United States v. Raygoza-Garcia, 902 F.3d 994, 1001 (9th Cir.
    2018) ("A court may take judicial notice of undisputed matters of
26  public record, which may include court records available through
    PACER.").
27
28

27-29). Petitioner appealed the denial of Webb I to the Ninth Circuit Court of Appeals, which denied Petitioner a certificate of appealability on August 19, 2016. (Webb I, Dkt. No. 36).

On September 9, 2025, the Court issued an Order requiring Petitioner to Show Cause why this action should not be dismissed because the instant Petition challenged the same convictions that were challenged in Webb I. (Dkt No. 7). The Court's Order, which also included a detailed account of the petitions that Petitioner had filed in the state courts, required Petitioner to respond no later than September 30, 2025. (Id.). The Court subsequently granted Petitioner's request for additional time to respond to the Court's Order. (Dkt. Nos. 9, 11). On December 1, 2025, Petitioner filed a response to the Court's Order reiterating the same arguments raised in the Petition but failing to address whether the Petition should be dismissed without prejudice as a successive petition which this Court lacks jurisdiction to consider. (Dkt. No. 13).

**II.  DISCUSSION**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "established a stringent set of procedures that a prisoner 'in custody pursuant to the judgment of a State court'

3

must follow if he wishes to file a 'second or successive' habeas corpus application challenging that custody[.]" Burton v. Stewart, 549 U.S. 147, 152 (2007) (per curiam) (citations omitted).  In particular, "[i]f an application is 'second or successive,' the petitioner must obtain leave from the court of appeals before filing it with the district court[,]" Magwood v. Patterson, 561 U.S. 320, 330-31 (2010) (citing 28 U.S.C. § 2244(b)(3)(A)); Banister v. Davis, 590 U.S. 504, 509 (2020); Stewart v. Martinez-Villareal, 523 U.S. 637, 641 (1998), and the appellate court "may authorize the filing of the second or successive application only if it presents a claim not previously raised that satisfies one of the two [exceptions] articulated in § 2244(b)(2)."  Burton, 549 U.S. at 153; Banister, 590 U.S. at 510.  "One of these exceptions is for claims predicated on newly discovered facts that call into question the accuracy of a guilty verdict.  The other is for certain claims relying on new rules of constitutional law." Tyler v. Cain, 533 U.S. 656, 661-62 (2001) (citations omitted); Banister, 590 U.S. at 510; see also Magwood, 561 U.S. at 335 (Section 2244(b)(2) "describes circumstances when a claim not presented earlier may be considered: intervening and retroactive case law, or newly discovered facts suggesting 'that . . . no reasonable factfinder would have found the applicant guilty of the underlying offense.'" (citation omitted)).  "Even if a petitioner can demonstrate that he qualifies for one of these exceptions, he must seek

authorization from the court of appeals before filing his new petition with the district court." Woods v. Carey, 525 F.3d 886, 888 (9th Cir. 2008); Turner v. Baker, 912 F.3d 1236, 1238-39 (9th Cir. 2019). "A petitioner's failure to seek such authorization from the appropriate appellate court before filing a second or successive habeas petition acts as a jurisdictional bar." Rishor v. Ferguson, 822 F.3d 482, 490 (9th Cir. 2016); Burton, 549 U.S. at 153.

The instant Petition and the prior habeas action (Webb I), challenge Petitioner's custody pursuant to the same 2012 judgment entered by the Los Angeles County Superior Court. Accordingly, the instant Petition, filed on April 24, 2025, well after the effective date of the AEDPA, is a second or successive habeas petition for purposes of 28 U.S.C. § 2244, which the Court lacks jurisdiction to consider. See Burton, 549 U.S. at 153. ("Burton twice brought claims contesting the same custody imposed by the same judgment of a state court. As a result, under AEDPA, he was required to receive authorization from the Court of Appeals before filing his second challenge. Because he did not do so, the District Court was without jurisdiction to entertain it."); Barapind v. Reno, 225 F.3d 1100, 1111 (9th Cir. 2000) ("[T]he prior-appellate-review mechanism set forth in § 2244(b) requires the permission of

the court of appeals before 'a second or successive habeas application under § 2254' may be commenced.").

Because there is no indication that Petitioner has obtained authorization from the Ninth Circuit Court of Appeals, this Court cannot entertain the present Petition. See Burton v. Stewart, 549 U.S. at 157; Cooper V. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001)("'When the AEDPA is in play, the district court may not, in the absence of proper authorization from the court appeals, consider a second or successive habeas application.'").

### III. ORDER

ACCORDINGLY, IT IS ORDERED that the Petition is dismissed without prejudice.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: December 30, 2025

_____
STEPHEN V. WILSON
UNITED STATES DISTRICT JUDGE

Presented by:

      /s/_____
ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE